UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANDRES COLON-MIRANDA,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil No. 06-1590 JAF)<br><br>(Criminal No. 95-029) |

**O R D E R**

This case is governed by an appellate decision in <u>United States v. Collazo-Aponte</u>, 216 F.3d 163, 206 (1st Cir. 2000). Regarding Petitioner Andrés Colón-Miranda, the Court of Appeals addressed the sentence in Counts 60 and 61, where Colón-Miranda was charged with a violation to 18 U.S.C. § 1512. Originally, we sentenced Petitioner to life imprisonment in Counts 60 and 61, to be served concurrently with the other life sentences imposed in other related counts.

The Court of Appeals properly understood that in the cases of attempted murder, the maximum imprisonment for Andrés Colón-Miranda under 18 U.S.C. § 1512(a)(2)(B) was twenty years. Consequently, the Court of Appeals reversed the sentence imposed on Colón-Miranda in Counts 60 and 61 and remanded for resentencing in accordance with 18 U.S.C. § 1512(a)(2)(B).

On June 10, 2005, we found that the resentencing in Counts 60 and 61 only required an automatic ministerial reduction from life

Civil No. 06-1590 (JAF)                                              -2-

imprisonment to twenty years (240 months), concurrent with the higher life imprisonment sentences otherwise imposed. We ordered the Clerk to prepare an amended judgment accordingly. <u>Docket Document No. 3056, Crim. No. 95-029</u>. Apparently, that entry of judgment has never taken place.

The present 28 U.S.C. § 2255 petition addresses our refusal to have the Defendant present for the reduction of sentence in Counts 60 and 61 from life imprisonment to twenty years. Having reviewed the record, we find that it would be an exercise in futility and an unnecessary expenditure of taxpayers' dollars to transport Andrés Colón-Miranda from a maximum security federal penitentiary to Puerto Rico, in order for him to be told face-to-face that we have ordered the amendment of the life imprisonment in Counts 60 and 61, reducing it to twenty years. Contrary to what the Petitioner understands, we do not think that the taxed federal judicial resources should be wasted in this manner. No matter what the disposition we make in Counts 60 and 61 is, the fact still remains that Andrés Colón-Miranda will have to serve a life sentence.

For the above reasons, we **deny** the requested relief under 28 U.S.C. § 2255. Judgment shall be entered summarily dismissing the present federal habeas corpus petition pursuant to Rule 4(b), <u>Rules Governing Section 2255 Proceedings in the United States District Courts</u>.

Civil No. 06-1590 (JAF)                                                    -3-

**The Clerk is instructed to enter the Amended Judgment in Criminal No. 95-029 as ordered on June 10, 2005, through <u>Docket Document No. 3056</u>.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 8th day of December, 2006.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U. S. District Judge